UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSH ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:13-cv-1059-TWP-MJD |
| ) | |
| MELISSA WINKLER-YORK, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION TO RECONSIDER

This matter is before the Court on Plaintiff Joshua Robinson's ("Mr. Robinson") Motion to Reconsider (Dkt. 5). On August 13, 2013, Mr. Robinson's civil rights action brought under 42 U.S.C. § 1983 was dismissed without prejudice, because no viable claim was stated against the plaintiff's former attorney. The complaint was deficient because a private attorney or public defender does not act under color of state law, one of the two essential elements in an action for relief pursuant to 42 U.S.C. § 1983.

Mr. Robinson's motion for reconsideration was filed more than 28 calendar days after the entry of judgment on the clerk's docket; therefore the motion is treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Malone v. Hanks*, 2013 WL 1909480 (S.D.Ind. May 8, 2013)(citing *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994), and *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)).

Mr. Robinson does not challenge the disposition of the action as being incorrect, rather he characterizes it as "harsh" and proposes instead that the court could and should have—and even now can—"remand" the action to a state court. Under the circumstances of this case, by "remand" Mr. Robinson actually means "transfer." However, the federal district court is unable

to transfer the case or remand it to state court because the case did not originate from a state court. There are situations in which a case which has been removed to federal court can or even must be remanded to the state court. But there is no comparable authority or procedure for a case originally filed in federal court to be transferred to a state court. *Brown v. Pepsi Mid-America Co.*, 2006 WL 2546804 (E.D.Mo. Sept. 1, 2006); *Majek Fire Protection, Inc. v. Carusone Construction, Inc.,* 2006 WL 1704562 (E.D.Pa. Jun.13, 2006).  In this regard, the Court is not being "harsh" but merely complying with legal precedence.

Accordingly, the plaintiff's motion for reconsideration, treated as a motion for relief from judgment, (Dkt. 5] must be **DENIED.**

SO ORDERED.

Date: _10/07/2013_

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSH ROBINSON
174914
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914